**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES LEE GABLE,

      Petitioner - Appellant,

v.

RITA MAXWELL, Warden,

      Respondent - Appellee.

No. 99-5061
(D.C. No. 97-CV-1004-H(J))
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

      Pro se petitioner Charles Lee Gable seeks a certificate of appealability to challenge the district court's dismissal of his petition for writ of habeas corpus as time-barred, pursuant to 28 U.S.C. § 2244(d). Because we conclude that Gable has not "made a substantial showing of the denial of a constitutional right," we decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

---

    [*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following a plea of guilty to state firearm and drug paraphernalia charges, Gable was sentenced, on March 27, 1996, to ten years of imprisonment. Gable did not move to withdraw his plea or file a direct appeal; his first challenge to his conviction and sentence was an application for state post-conviction relief, filed March 20, 1997. The state district court denied relief on July 18, 1997. Gable did not file an appeal in the Oklahoma Court of Criminal Appeals ("OCCA") until August 27, 1997, and the OCCA dismissed his appeal as untimely. Gable filed for habeas relief on November 10, 1997.

The district court found Gable's petition untimely under 28 U.S.C. § 2244(d). This provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). It also provides for tolling of the time limit while "a properly filed application for State post-conviction or other collateral review" is pending in State court. 28 U.S.C. § 2244(d)(2).

To avoid retroactivity problems, we have construed the limitation period of § 2244(d) to run from the AEDPA's effective date, April 24, 1996, in the case of prisoners whose convictions became final prior to that date. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Furthermore, we have

recognized that the state court tolling provision of § 2244(d)(2) applies to this one-year grace period. See id. at 1226.

The district court concluded that, because Gable did not move to withdraw his guilty plea within ten days of his sentence, the sentence became final under Oklahoma law at the end of that ten-day period, or April 8, 1996, pursuant to Rule 4.2(A), Rules of the Court of Criminal Appeals. Therefore, Gable's one-year period under AEDPA began on April 24, 1996. See Hoggro, 150 F.3d at 1225-26. Gable filed his habeas petition some 566 days after April 24, 1996. Pursuant to 28 U.S.C. § 2244(d)(2), the district court subtracted the 120 days from March 20, 1997, to July 18, 1997, when Gable's petition for post-conviction relief was pending in state court, but found that the resulting elapsed time, 446 days, still fell well beyond the one-year AEDPA limitation period. The district court declined to subtract the time between the filing and denial of Gable's appeal of the state district court's ruling, on the grounds that it was untimely and therefore not "properly filed" under Oklahoma law. 28 U.S.C. § 2244(d)(2). The court noted, however, that even if Gable were credited with that time, his habeas petition would remain untimely. The district court rejected Gable's arguments for additional equitable tolling under Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Gable apparently argues to us that the OCCA's order dismissing his appeal of the denial of post-conviction relief was invalid, and therefore "the petitioner's application for post conviction is still a pending case in the state district court." Appellant's Br. at II-A. Gable's argument that the OCCA's order was invalid is entirely without merit. Moreover, even if Gable's argument were correct and his state post-conviction proceeding remained pending, he would then not have exhausted his state remedies, and his habeas petition would be subject to dismissal on that ground. See 28 U.S.C. § 2254(b)(1)(A).

Gable also argues that the district court should have equitably tolled the one-year limitation period. We agree with the district court's conclusion that Gable's assertions of inadequate law library facilities and ignorance of AEDPA fail to demonstrate cause and prejudice for his untimely filing so as to justify equitable tolling of the AEDPA limitation period.

Moreover, we reject Gable's argument that the alleged failure of his sentence to conform to the plea agreement could not have been discovered until November of 1996, thereby triggering a later starting date for the limitation period under 28 U.S.C. § 2244(d)(1)(D). Gable apparently contends that the State breached his plea agreement. However, the factual predicate of this claim was clearly discoverable at the time of the sentence, and therefore does not change the relevant date for calculating the AEDPA limitation period.

We conclude that Gable has made no showing of the denial of a constitutional right and therefore **DENY** a certificate of appealability under 28 U.S.C. § 2253; this appeal is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge